Filed 1/12/16  Darulis v. Rancho Valencia Resort Partners CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| MARK DARULIS, | D067663 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2014-00003465-CU-WT-CTL) |
| RANCHO VALENCIA RESORT PARTNERS, LLC et al., | |
| Defendants and Respondents. | |


APPEAL from a judgment of the Superior Court of San Diego County, Eddie C. Sturgeon, Judge.  Affirmed.

Mark Darulis, in pro. per., for Plaintiff and Appellant.

Daley & Heft, Lee H. Roistacher, Robert H. Quayle IV and Briana M. Pendergrass for Defendants and Respondents.

## I.

## INTRODUCTION

Plaintiff Mark Darulis is employed as a driver for Dynamex, a company that contracts with a third party, Edward Don & Company (Edward Don), a supplier of nonfood items to restaurants, to deliver restaurant supplies to Edward Don's customers. Edward Don received multiple complaints about Darulis and eventually requested that Dynamex no longer assign Darulis to make deliveries to Edward Don's customers. Darulis alleges that one of the complaints was made by defendant Stephanie Tesnow, an employee of another defendant, Rancho Valencia Resort Partners, LLC (Rancho Valencia). According to Darulis, Tesnow's complaints about Darulis were false and constituted slander against him.

Darulis filed this action against Tesnow and Rancho Valencia (the Rancho Valencia defendants), as well as against Edward Don and the other complaining customers and their employers.[1]

Darulis asserted a claim against Tesnow for "defamation/slander," and asserted the same claim against Rancho Valencia based on his allegation that Rancho Valencia is liable for Tesnow's alleged defamation/slander under a theory of respondeat superior. Tesnow and Rancho Valencia filed demurrers to Darulis's operative complaint. The trial

---

[1] Darulis has filed separate appeals with respect to judgments related to the other defendants in this action.

court concluded that Tesnow's statements about Darulis were statements of opinion, not fact, and therefore could not support a cause of action for slander. The court also determined that Darulis failed to allege facts to establish the requisite causation between Tesnow's statements and any alleged injury he suffered. The court entered judgment in favor of the Rancho Valencia defendants.

On appeal, Darulis, acting in propia persona, contends that the trial court erred in sustaining the Rancho Valencia defendants' demurrers with respect to his claims against them.[2] Darulis contends that the statements he attributes to Tesnow are provably false assertions of fact, not inactionable opinions, and he further contends that he sufficiently alleged a link between Tesnow's statements and the loss of his delivery assignment for Edward Don.

We conclude that the trial court appropriately sustained the Rancho Valencia defendants' demurrers, and that Darulis cannot demonstrate that the alleged statements can provide the basis for legal liability. We therefore affirm the judgment with respect to the Rancho Valencia defendants.

---

[2]     The record on appeal does not contain an order with respect to Rancho Valencia's demurrer, and it is not clear whether the trial court ever properly entered an order with respect to Rancho Valencia. However, both parties to this appeal assume, based on the trial court's later judgment in favor of Rancho Valencia, that the court implicitly sustained Rancho Valencia's demurrer without leave to amend based on its ruling with respect to Tesnow.

II.

FACTUAL AND PROCEDURAL BACKGROUND[3]

Darulis filed a six-count complaint against multiple defendants, including Rancho Valencia, Tesnow, two other individuals, the Edward Don & Company (Edward Don) and Maderas Country Club.[4]

Darulis alleges that he is a delivery driver for Dynamex. According to the complaint, Dynamex "retains a number of accounts for which they provide delivery services . . . one of which is the 'Ed Don' account." The "Ed Don Company provides products to restaurants such as plates, glasses, napkins, etc., everything a restaurant would use in its day to day operations except the food."

In approximately 2009, Dynamex assigned "permanent driver[s]" to each of four routes it had created for the Edward Don account. Darulis was assigned to one of these routes, and he would "do this route every Tuesday and Thursday," making approximately 25 deliveries per week. In 2010, Darulis was assigned an additional Edward Don route, which meant that he was making approximately "30 stops a week for Ed Don."

In April 2011, Edward Don "received a complaint from a receiver at the Grand Del Mar Country Club" stating that Darulis "did not provide good service" and "was

---

[3] Because we are reviewing the trial court's ruling on a demurrer to the complaint, our recitation of the factual background of this matter is derived from the allegations set forth in that pleading.

[4] The operative complaint is the "Amended Complaint," filed June 25, 2014.

rough in his deliveries." Edward Don contacted Dynamex and asked that Darulis not deliver to the Grand Del Mar Country Club again.

In March 2013, "another complaint was issued against [Darulis]." A "new receiver at the Rancho Valencia Resort," later identified as Tesnow, complained that Darulis was a " 'Hot Mess,' " he "smelled of smoke all the time," "his truck was a total wreck and [was] so dangerous that if you saw it on the highway you would try to stay as far away as possible," he "did not have the agility to climb onto the back of his truck," and that "he grumbled."

Approximately two and a half weeks after this second complaint was made, "Darulis received a complaint from the [Maderas] Country Club." Darulis alleges that he was delivering a "large load of product on his cart and the load had shifted and Darulis had to hold on to it with both hands." After entering the delivery area, Darulis "encountered an individual who was just standing around and he raised his voice to Darulis stating he would appreciate it if he would not do that." Although Darulis was not sure why the man was upset, Darulis "replied OK and made his delivery and left." According to the allegations of Darulis's complaint, the person with whom he had had this encounter "called up Ed Don and in an extremely emotional state complained that Darulis had disrespected him and broken down/almost broke down their delivery gate."

After Edward Don received this third complaint about Darulis, someone from Edward Don called a manager at Dynamex and "ordered that Darulis be fired from the

5

Ed Don Account."  According to the relevant pleading, "[a]fter 4 years and 3 months and more than 6500 deliveries for Ed Don, Darulis was out of a job."[5]

In the complaint, Darulis attempted to set forth a single cause of action against Tesnow for "defamation/slander."  Darulis alleged that Tesnow's statements to a representative of Edward Don were false accusations, and that Edward Don "considered [the statements] when they fired Darulis."  Darulis also claimed that Tesnow's "actions were negligent concerning her slander."

In addition to the claim against Tesnow, Darulis attempted to set forth a single cause of action against Rancho Valencia.  Darulis stated that he "wishes to pursue damages against Rancho Valencia under the doctrine of respondeat superior . . . ."

The Rancho Valencia defendants demurred to Darulis's complaint, asserting that the statements Tesnow made are not provably false.  The defendants also maintained that Tesnow's statements were not a substantial factor in causing Darulis any harm and therefore cannot, as a matter of law, provide a basis for liability under Darulis's slander claim.  The trial court sustained Tesnow's demurrer without leave to amend.

The trial court entered judgment in favor of the Rancho Valencia defendants on March 2, 2015.  Darulis filed a timely notice of appeal.

---

5    Elsewhere in the complaint, Darulis contends that he was "fired from the Ed Don *Account*" (italics added), suggesting that Darulis was not, in fact, fired as an employee of Dynamex, but instead, was no longer assigned to deliver Edward Don products.

6

III.

DISCUSSION

On appeal, Darulis contends that the trial court erred in sustaining the demurrers, arguing that his complaint sufficiently asserts a cause of action for slander against Tesnow, and, based on vicarious liability, against Rancho Valencia, as well.[6]

A.    *Legal standards*

This court applies the following well-established law in reviewing a trial court's order sustaining a demurrer without leave to amend: " 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

---

6    Because Darulis does not challenge any other aspect of the court's sustaining of the Rancho Valencia defendants' demurrers, he has forfeited any other potential claims of error.

7

B. *Analysis*

"The tort of defamation 'involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage.' " (*Taus v. Loftus* (2007) 40 Cal.4th 683, 720.) Defamation "has two forms—libel and slander." (Civ. Code, § 44; *Brown v. Kelly Broadcasting Co*. (1989) 48 Cal.3d 711, 723.) Civil Code section 46 provides the definition of slander, as follows:

> "Slander is a false and unprivileged publication, orally uttered . . . which:
>
> "1. Charges any person with crime, or with having been indicted, convicted, or punished for crime;
>
> "2. Imputes in him the present existence of an infectious, contagious, or loathsome disease;
>
> "3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits;
>
> "4. Imputes to him impotence or a want of chastity; or
>
> "5. Which, by natural consequence, causes actual damage."

" ' "The *sine qua non* of recovery for defamation . . . is the existence of a falsehood." [Citation.] [¶] The falsehood requirement is grounded in the First Amendment itself. "Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas." ' " (*Nygard, Inc. v. Uusi-Kerttula* (2008) 159 Cal.App.4th 1027, 1048.) Therefore, in order "[t]o state a

8

defamation claim that survives a First Amendment challenge, . . . a plaintiff must present evidence of a statement of fact that is 'provably false.' " (*Ibid.*; see also *Comstock v. Aber* (2012) 212 Cal.App.4th 931, 948 [claim for slander requires " 'a "provably false factual assertion" ' "].)

Statements of opinion, therefore, are generally not actionable pursuant to a slander claim. (*Taus v. Loftus*, *supra*, 40 Cal.4th at p. 720.) An opinion can be actionable if it implies a false assertion of fact, but " '[s]atirical, hyperbolic, imaginative, or figurative statements [remain] protected because "the context and tenor of the statements negate the impression that the author seriously is maintaining an assertion of actual fact." ' " (*Ruiz v. Harbor View Community Assn.* (2005) 134 Cal.App.4th 1456, 1471; see also *Grenier v. Taylor* (2015) 234 Cal.App.4th 471, 486 ["rhetorical hyperbole, vigorous epithets, lusty and imaginative expressions of contempt and language used in a loose, figurative sense will not support a defamation action"].)

"To decide whether a statement expresses or implies a provably false assertion of fact, courts use a totality of the circumstances test. (Citation.) '[A] court must put itself in the place of an average reader and determine the natural and probable effect of the statement . . . .' (Citation.) Thus, a court considers both the language of the statement and the context in which it is made. (Citations.) 'The contextual analysis requires that courts examine the nature and full content of the particular communication, as well as the knowledge and understanding of the audience targeted by the publication.' " (*Bently Reserve LP v. Papaliolios* (2013) 218 Cal.App.4th 418, 427.)

Whether a statement is an opinion or a provable false factual assertion is a question of law. (*Chaker v. Mateo* (2012) 209 Cal.App.4th 1138, 1147.) The question whether a statement is actionable as a false factual assertion, therefore, is "suitable for resolution by demurrer." (*Campanelli v. Regents of University of California* (1996) 44 Cal.App.4th 572, 578.)

The statements that Darulis alleges constitute slander are that Darulis was a " 'Hot Mess,' " "smelled of smoke all the time," "grumbled," "did not have the agility to climb onto the back of his truck," and that his "truck was a total wreck and [was] so dangerous that if you saw it on the highway you would try to stay as far away as possible." It is clear from the language that Tesnow employed, and the context in which her statements were made, that these statements are in the nature of her opinions and/or her subjective judgments about Darulis, and are not statements of provable facts. Tesnow was clearly indicating her disapproval of Darulis in making these statements. The fact that she expressed her opinions of disapproval, and in fact complained about Darulis, does not mean that her complaints are actionable as slander. (Cf. *Jensen v. Hewlett-Packard Co.* (1993) 14 Cal.App.4th 958, 965 [unless an "employer's performance evaluation falsely accuses an employee of criminal conduct, lack of integrity, dishonesty, incompetence or reprehensible personal characteristics or behavior," it cannot support defamation cause of action, even when the person's "perceptions about an employee's efforts, attitude, performance, potential or worth to the enterprise are objectively wrong and cannot be supported by reference to concrete, provable facts"].) Rather, Tesnow's complaints about Darulis are in the nature of "rhetorical hyperbole" and/or "imaginative expressions of

10

contempt" used "in a loose, figurative sense," rendering them not actionable as a matter of law. (*Grenier v. Taylor*, *supra*, 234 Cal.App.4th at p. 486.)

Given our conclusion that the statements Darulis alleges were defamatory are not actionable as a matter of law, Darulis has not demonstrated—and cannot demonstrate—that there is a reasonable possibility that further amendment could cure the deficiencies of his pleading. (See *Blank v. Kirwan*, *supra*, 39 Cal.3d at p. 318.) We conclude, therefore, that the trial court did not abuse its discretion in sustaining the demurrers without leave to amend.

IV.

CONCLUSION

The judgment of the trial court in favor of Tesnow and Rancho Valencia is affirmed.

AARON, J.

WE CONCUR:

O'ROURKE, Acting P. J.

IRION, J.

11